23610. GORMLEY, superintendent of banks, *v.* HARDIN.

STEPHENS, J. 1. Upon the trial of a suit by the superintendent of banks to recover of the defendant the amount of an assessment upon him as a stockholder of an insolvent bank, where the defendant's liability is dependent upon the alleged invalidity of a transfer of stock made by him more than a year prior to the taking over of the bank for liquidation by the superintendent of banks, where it is alleged that the transfer, which was made to one "W. G. Jackson," was a nullity and was void, and constituted no transfer of the stock, in that the transferee was a fictitious person and that the alleged transfer was made for the purpose of evading liability for an assessment upon the defendant as a stockholder in the event of a failure of the bank, where there was evidence that when the stock was transferred to W. G. Jackson the new certificates of stock which were issued by the bank were receipted for by a person who purported to be the attorney for W. G. Jackson, that at a meeting of the stockholders afterwards the same attorney appeared as representing W. G. Jackson by proxy, that the signature of W. G. Jackson to the transfer of the certificates made later was, at the request of this same attorney, attested by the assistant cashier of the bank, who, however, did not see W. G. Jackson sign the transfer, but attested the signature on the representation of this attorney that it was the signature of "W. G. Jackson," that the officers of the bank who participated in the above transactions never knew "W. G. Jackson," and, so far as they knew, had never seen him and had never heard of him, that the stock certificates as issued to W. G. Jackson purported to be issued to him as residing at Athens, Georgia, that county officers of the county in which the bank was located, which was Oglethorpe county, and of the county in which W. G. Jackson purported to live, which was Clarke county, and who had lived in their respective counties and held their respective offices for many years, and who inferentially were acquainted with practically everybody having an established residence in their respective counties, did not know W. G. Jackson and had never heard of him, although there

may be such a person, that diligent inquiry had been made in both counties by an attorney representing the bank and he was unable to find anybody who knew W. G. Jackson, that upon inquiry being made of the attorney who had represented W. G. Jackson in the transactions with the bank, their attorney had stated that he thought that he had seen W. G. Jackson once, but was not certain and did not know where he was, the inference is authorized from this evidence, in the absence of any evidence otherwise which tends to show that the transferee W. G. Jackson was a real person, that there was no such person as W. G. Jackson as the transferee of the stock, and that the W. G. Jackson who purported to be the transferee was a fictitious person, and that the purported transfer of the stock from the defendant to W. G. Jackson was a nullity and constituted no transfer, and that the stock remained the stock of the defendant until it was afterwards transferred to a real transferee within six months prior to the taking over of the bank for liquidation, and is subject to assessment as the stock of the defendant as a stockholder in the bank.

2. The evidence otherwise supported the allegations in the petition and the court erred in granting a nonsuit.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 21, 1934.

*C. N. Davie, J. F. Kemp, E. W. Roberts, Willingham & Willingham,* for plaintiff.

*Tull & Brown, Hamilton McWhorter, Zellner & Mobley, Williams & Freeman,* for defendants.

